**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: | ) |
| | ) |
| Purple Peony, Inc. | ) Case No. 23-14886-KHT |
| Tax ID / EIN: 46-4964716 | ) Chapter 11 |
| | ) |
| Debtor. | ) |

**OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S MOTION**
**TO APPROVE A POST-PETITION RETAINER TO BE PAID TO ITS COUNSEL**

The United States Trustee ("UST"), by and through undersigned counsel, files his Objection to the Debtor's Motion to Approve a Retainer to its Counsel ("Retainer Motion") [Docket No. 22] and states as follows:

1. Debtor, Purple Peony, Inc., filed a petition for relief under Subchapter V of Chapter 11 of the United States Bankruptcy Code on October 24, 2023.

2. The Debtor continues to manage its affairs as a debtor-in-possession.

3. On October 26, 2023, the Debtor filed its *Application to Employ Buechler Law Office, LLC as Counsel for the Debtor-in-Possession* [Docket No. 16]. The Application was approved the same day [Docket No. 17].

4. On November 15, 2023, Debtor filed the Retainer Motion. The Retainer Motion states that Debtor's counsel received a pre-petition retainer in the amount of $20,000 and incurred pre-petition fees and costs totaling $25,078.86. *See* Retainer Motion, paragraph 4. Accordingly, Debtor's counsel was owed $5,078.86 on the petition date. *Id.*

5. Through the Retainer Motion, Debtor seeks approval to provide a $15,000 post-petition retainer to its counsel. *Id.* at paragraph 5. However, Debtor also seeks approval to apply the retainer to counsel's fees, **including any pre-petition fees and costs**, after such fees have been approved and authorized under 11 U.S.C. § 330. *Id.* at paragraph 6.

6. Pursuant to 11 U.S.C. § 1195, a professional is not disqualified from employment under section 327 by a debtor solely because that professional holds a claim of less than $10,000 that arose prior to commencement of the case. 11 U.S.C. § 1195. Accordingly, counsel's pre-petition claim of $5,078.86 is not per se disqualifying.

7. However, instead of listing its $5,078.86 claim on Schedule E/F to be paid pursuant to a plan of reorganization, Debtor's counsel seeks to have its pre-petition claim allowed and paid through a post-petition retainer. Advising the Debtor to pay counsel's pre-petition claim ahead of other general unsecured creditors creates a conflict of interest that is not protected by section 1195. *Fairshter v. Stinky Love, Inc. (In re Lacy)*, 306 F. App'x 413, 419 (10th Cir. 2008) (Attorney's

1

active pursuit of an interest adverse to the estate, namely, its attempts to collect its pre-petition fees, implicitly violated section 327.).

8. Accordingly, the Retainer Motion should be denied to the extent that Debtor's counsel seeks or plans to seek payment of any portion of its pre-petition fees from a post-petition retainer.

WHEREFORE, the UST objects to the Retainer Motion for the reasons set forth above and requests such other and further relief as the Court deems appropriate.

Dated: November 27, 2023

Respectfully submitted,

Patrick S. Layng
UNITED STATES TRUSTEE

/s/ Benjamin A. Sales
By: Benjamin A. Sales, #51551
Trial Attorney for the U.S. Trustee
1961 Stout Street, Suite 12-200
Denver, CO 80294
(303) 312.7236
(303) 312-7259 fax
benjamin.a.sales@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2023, I served a complete copy of the **UNITED STATES TRUSTEE'S OBJECTION TO MOTION BY DEBTOR TO APPROVE A POST-PETITION RETAINER TO ITS COUNSEL** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

- Kelsey Jamie Buechler, via CM/ECF
- Michael Lamb, via CM/ECF

/s/Benjamin A. Sales
Office of the United States Trustee